IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

HENRY THOMAS                                                                                          PLAINTIFF

V.                                              5:05CV00353 JMM

JO ANNE B. BARNHART,
Commissioner
Social Security Administration                                                                   DEFENDANT

## ORDER

Plaintiff has appealed the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") and Supplemental Security Income Benefits ("SSI") under Title XVI 42 U.S.C. § 416(1).  Plaintiff filed an application for DIB and SSI  alleging that he became disabled on June 1, 2002.   He alleges that his disability is caused by diabetes mellitus, high blood pressure, and pain in his back and knees.  (Tr. 49, 55).   He also complains of headaches (Tr. 172) and difficulty with his balance (Tr. 179).

On August 30, 2005 after a hearing, the ALJ issued a decision denying Plaintiff benefits. The ALJ found that while Plaintiff's impairments were severe within the meaning of the Act, Plaintiff did not have an impairment nor a combination of impairments listed in, or medically equal to one in Appendix 1, Subpart P, Regulations No. 4 (Tr. 17).   The ALJ found that Plaintiff retained the functional capacity tp perform medium work that accommodated his speech difficulties (Tr. 17).   The parties have briefed the issues.

In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  42 U.S.C. § 405(g).  This review function is extremely limited.  The Court's function on review is to determine whether the

Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In assessing the substantiality of the evidence, the Court must consider evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir. 1993).

At the time of the hearing on February 22, 2005, Plaintiff was 49 years old, stood 5' 8" tall and weighed 240.[1] (Tr. 161, 170). He has an 11th grade education. (Tr. 161). He previously held jobs as a tractor driver and fiber optic cable installer (Tr. 62-65). A vocational expert, Beth Clem, testified at Plaintiff's hearing that the work Plaintiff had done in the past as a farm laborer was semi-skilled medium work (Tr.180). His work as a fiber optic cable installer was also classified as skilled medium work (Tr. 180).

At the conclusion of the hearing, the ALJ requested an orthopedic consultative evaluation for the Plaintiff (Tr. 182). Plaintiff, however, failed to appear for the scheduled evaluation due to his being incarcerated by the State of Arkansas (Tr. 89). Plaintiff will be eligible for parole on June 27, 2007 (Tr. 89). By letter of June 10, 2005, the ALJ informed Plaintiff's counsel that unless he heard otherwise he would decide Plaintiff's claim on the existing record (Tr. 89). The ALJ stated in his decision that by letter of June 15, 2005, Plaintiff's counsel stated that he did not

---

[1]At other places in the record, Plaintiff's height is listed as 5' 4" (Tr. 74), 5' 6" (Tr. 117), 5' 7" (Tr. 100).

object to the ALJ making his decision on the existing record (Tr. 14).

The ALJ evaluated the evidence in Plaintiff's case by way of a sequential evaluation process established by the Social Security Administration.[2]  20 C.F.R. §§ 404.1520 and 416.920.  First, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since the alleged onset of his disability (Tr.13).  Next, the ALJ determined whether Plaintiff had a "severe" impairment or a combination of impairments.  The ALJ found that the objective medical evidence supported a conclusion that the Plaintiff had a history of medically determinable impairments associated with diabetes mellitus, hypertension, speech difficulties, and post-operative removal of a benign lipoma on his back (Tr. 15-17).    However, the ALJ found that Plaintiff did not have an impairment nor a combination of impairments listed in, or medically equal to one list in Appendix 1, Subpart P. Regulations No. 4 (Tr. 17).

The ALJ determined that Plaintiff retained the functional capacity to perform medium work that accommodated his speech difficulties (Tr. 16-17).   Thus, Plaintiff was found not to be under a "disability" as defined in the Social Security Act at any time through the date of the

---

[2]In determining whether a claimant is entitled to disability benefits, the ALJ performs a five-step sequential analysis. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the claimant must establish that he has not engaged in substantial gainful activity. The second step requires that the claimant prove he has a severe impairment that significantly limits his physical or mental ability to perform basic work activities. If, at the third step, the claimant shows that his impairment meets or equals a presumptively disabling impairment listed in the regulations, the analysis stops and the claimant is automatically found disabled and is entitled to benefits. If the claimant cannot carry this burden, however, step four requires that the claimant prove he lacks the residual functional capacity to perform his past relevant work. Finally, if the claimant establishes that he cannot perform his past relevant work, the burden shifts to the ALJ at the fifth step to prove that there are other jobs in the national economy that the claimant can perform. *See id.* §§ 404.1520, 416.920.

Because the ALJ found, at step four, that Plaintiff retained a residual functional capacity to perform his past work, the ALJ did not proceed to step five.

decision.

Plaintiff contends that the ALJ erred in assessing his credibility as it was related to his claims of disabling pain and that there is insufficient evidence to support a finding that Plaintiff can perform his past relevant work as a tractor driver and fiber optic cable installer.

Plaintiff testified that he could sit no longer than two hours, stand no longer than one hour or walk longer that thirty minutes (Tr.173-174). At the hearing, he stated that mostly he ate, watched television, and slept (Tr. 173). In his application, Plaintiff stated that he took care of his personal needs, did laundry, washed dishes, ironed, took out the trash, prepared light meals, watched television, and visited friends and relatives (Tr. 74).

In July of 2002, the attending prison physician who did the intake examination for Plaintiff upon one of his incarcerations observed that Plaintiff's reflexes, cranial nerves, and motor, sensory and cerebellar functioning were normal (Tr. 100).

Dr. Bradley, the consultive examiner, saw Plaintiff in May of 2003 and found that Plaintiff was "moderately disabled in his ability to function usefully" (Tr. 121). Dr. Bradley's clinical impressions were that, except for some muscle spasms and a ten degree decrease in his lumbar spine flexion, Plaintiff exhibited a normal range of motion in his cervical spine and extremities along with a normal gait and coordination. (Tr.118-119).

In May of 2003, a non-examining non-treating physician, Dr. Robert Redd, completed a residual functional capacity assessment for Plaintiff. He stated that Plaintiff could occasionally lift or carry pounds, frequently life or carry 25 pounds, stand/walk about 6 hours in an 8 hour workday, sit with normal breaks about 6 hours in an 8 hour work day, and push or pull with these limitations (Tr. 122-130). Dr. Redd noted that there was not a treating or examining source

statement regarding Plaintiff's physical capacities in the file. (Tr. 128).

In May of 2004, Plaintiff was seen by Dr. David Phillips for removal of the lipoma from Plaintiff's back. Upon the initial examination, Dr. Phillip's noted state that Plaintiff was a "healthy male in no acute distress" (Tr. 137). In June of 2004 in the follow-up of the removal of the lipoma, Dr. Phillips noted that Plaintiff reported "doing well" (Tr. 135).

Plaintiff has not sought additional medical treatment since June of 2004. At the hearing, Plaintiff testified that he takes "pills. . . four times a day" for his diabetes (Tr. 175). The record reflects that in May of 2004, Plaintiff was taking 50 milligrams of Cimetidine, 40 milligrams of Furosemide, and 500 milligrams of Glucovane daily (Tr. 136).

At the hearing, the ALJ hypothetically asked the vocational expert if an individual approaching 50 with limited education, with a skilled and semi-skilled medium work history, with physical problems and restrictions like those of the Plaintiff, and with some communication problems would be able to perform any of the jobs previously done by Plaintiff. The vocational expert stated that such a person could return to the cable position and to driving a tractor as it is normally performed even when taking into account the lifting limitations.

In fashioning an appropriate hypothetical question for a vocational expert, the ALJ is required to include " all the claimant's impairments supported by substantial evidence in the record as a whole." *Grissom v. Barnhart*, 416 F.3d 834, 837 (8th Cir. 2005). Based upon the medical evidence, the ALJ include all of Plaintiff's impairment in the hypothetical he posed to the vocational expert.

Based upon the medical evidence contained in the record and the testimony of the vocational expert there is sufficient evidence in the record to support the ALJ's assessment that

Plaintiff is not completely precluded from performing his past relevant work.

Before the ALJ's made his findings regarding Plaintiff, he had arranged for an orthopedic consultative evaluation of Plaintiff. However, due to Plaintiff's incarceration, he failed to appear for the examination. The ALJ notified Plaintiff's counsel of the missed appointment and counsel stated he had no objection to proceeding on the record. This failure to object negates Plaintiff alternative request that his case be remanded for further development of the record.

Accordingly, Plaintiff's appeal is DENIED. The Clerk is directed to close the case.

IT IS SO ORDERED this __12__ day of December 2006.

_____
James M. Moody
United States District Judge